CAUSE 11965(C).   38,481 -03

In Re Jeffrey L. Ward
Relator

V.

HON. DWIGHT L. PHIFER
Respondant

In THE COURT
OF
CRIMINAL APPEALS

---

## RELATORS PETITION FOR WRIT OF MANDAMUS

List of Parties
Trial Courts District JUDGE
HON. DWIGHT L. PHIFER
Respondant

Jeffrey L. Ward
Wynne Unit; 810 FM 2821
Huntsville, Tx. 77349
Relator Pro Se

Into the COURT OF CRIMINAL APPEALS COME'S how Jeffrey L. Ward, requesting this Writ of MANDAMUS from Writ No. 11965(C). In the 2ND DISTRICT COURT OF CHEROKEE COUNTY, at RUSK, TEXAS.

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 24 2015

Abel Acosta, Clerk

# TABLE OF CONTENTS

AT Page i - Lists identies of Parties

AT Page ii - Table of Contents, List of Authorities

AT Page(1) - STATEMENT OF THE CASE Indicating the duty of the Court, RULE 52.3(d)(3) T.R.A.P.

" " " Statement of Jurisdiction

" " " Issue's Presented

AT Page(2) - ISSUE'S PRESENTED, MANDAMUS will issue.

" " " STATEMENT OF FACTS, Holding of Petition.

" " " ARGUEMENT- Relator has the same rights as other Petitioner's do.

" " " PRAYER, to compel in accordance with law.

AT Page(3) - CERTIFICATION; APPENDIX; Certificate of Service.

---

# INDEX OF AUTHORITIES

Braxton V. Dunn, 803 S.W. 2d 318, 310 (Tex. Cr. App. 1991 Pg(2)

TEX. CODE CRIM. PROC. ANN. art. 11.07 §§ 1,5 (West Supp 2014) Pg.(1)

Padieu V. Court of Appeals of Tex., Fifth Dist. 392 S.W. 3d 115, 117-18 (Tex. Crim. App. 2013).  Pg (1)

RULE 52.3(d)(3), T.R.A.P. . . . . . . . . . . . . . . . . . . . Pg(1)

STATE ex rel YOUNG V. Sixth Dist. Court of Appeals . . . . Pg(1)
236 S.W. 3d 207, 210 (Tex. Crim. App. 2007) (orig. Proceeding).

## STATEMENT OF THE CASE

Relator filed a Writ of Habeas Corpus on the 21ST of Jan. 2015, in accordance with Texas Code of Criminal Procedure article 11.07, Which is the exclusive procedure available To an applicant seeking relief from a felony Judgement imposing a penalty other than death. See Tex. Code Crim. Proc. Ann. art. 11.07 §§ 1,5 (West Supp. 2014). The 2ND Judicial District Court at Cherokee Co. Tex. has some 35 days to determine the factual issues raised in Relator's application. Relator has given an additional 20 days in reguard to the situation of the changing of the Respondant Hon. Dwight L. Phifer

according to T.R.A.A. rule 52.3(d)(3), The Hon. Judge can only reach one decision being a ministerial one. That being to follow the law prescribed therein Article 11.07.

## STATEMENT OF JURISDICTION

Normally a Writ of Mandamus must be heard firstly in the intermediate Court but in matters concirning Art. 11.07 Pertaining to an application for habeas relief the Court of Criminal Appeals has exclusive Jurisdiction. See Padieu v. Court of Appeals of Tex., Fifth Dist., 392 S.W. 3d 115, 117-18 (Tex. Crim. App. 2013).

## ISSUES PRESENTED

Issues are simply that the holding of Relator's habeas application, Motion for Evidentuary Hearing and Motion to replace Reporter's Record back into Court Clerks file. Must be sent immediately to Court of Criminal Appeals as Prescribed by the Tex. Code Crim. Proc. Ann. 11.07 §§ 1,5 (West Supp. 2014).

To obtain Mandamus relief in a Criminal Case, A Relator must demonstrate that he does not have an adequate remedy at law to redress an alleged harm, and that the act he seeks to compell is ministerial that is, not involving a discretionary or Judicial decision. See State ex rel Young v. Sixth Dist Court of Appeals 236 S.W. 3d 207, 210 (Tex. Crim. App 2007)( orig. Proceeding).

Since the Court of Criminal Appeals has the exclusive Jurisdiction in the issues of 11.07 habeas applications Causes Relator to understand no other Court can be Utilized in these particular issues redressing a harm.

7.

## ISSUES PRESENTED

See Braxton v. Dunn, 803 S.W. 2d 318, 320 (Tex. Cr. App. 1991). Mandamus will issue where there is but one proper order to be entered.

## STATEMENT OF FACTS

The District Court has Relator's Application for Habeas Corpus, and has held it now for five (5) months. The Tex. Code Crim. Proc. Ann. art. 11.07 §§ 1, 5 (West Supp. 2014) Plainly indicates the District Courts have thirty five (35) days to determine factual issues. Therefore the Trial Court has failed to timely determine the factual issues in Relator's Application. The Trial Court has not complied with what the law dictates, and so Relator seeks to compell a ministerial act of the Trial Court. Causing the Court to immediately send the Application and pertaining documents i.e, the Motions filed with the habeas originally, including the Affidavit by the recanting witness.

## ARGUEMENT

The arguement is simply that the Relator feels that he has a right to have his habeas corpus treated with the respect of the Constitution for which it stands. It is supposed to be a speedy and effective method to litigate an Actual Innocence Claim, certainly not Something to keep locked away in a Courts filing area espicially kept longer than the law states.

## PRAYER

Relator prays this Court of Criminal Appeals compell the 2ND Judicial District Court of Cherokee Co. to properly send Relator's habeas corpus on to Austin, to the Court of Criminal Appeals. Like all other citizens of this district who file habeas applications, giving Relator equal protection under the law. And to allow the Writ to speak for its self, with the supplement to follow Containing Newly Discovered Evidence. On the day Relator receives Notification that this Court has received the habeas Application.

2.

## CERTIFICATION

Relator certifies that he has read this Petition and has concluded that every factual statement is supported by competent evidence in case law cited herein.

## APPENDIX

Relator has need for one page of documented evidence to help explain the footnote. See Exhibit (A).

## CERTIFICATE OF SERVICE

By my hand I do swear that a true and correct copy of this foregoing document was mailed to the Hon. Judge DWIGHT L. PHIFER with the proper postage attached to the 2ND JUDICIAL DISTRICT COURT OF CHEROKEE COUNTY, at 135 S. Main St., P.O. Box 287, RUSK, TX. 75785. Also to Ms. RACHEL L. PATTON, District Attorney, P.O. Box 450 RUSK, TX. 75785 on this the 22 day of June, 2015.

Jeffrey L. Ward
Relator - Pro se

FOOTNOTE: Relator was not given the reason for substituting Judges in this cause. Hon. JUDGE BENTLEY III was replaced by the Hon. DWIGHT L. PHIFER.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 3, 2015

NO. 12-15-00142-CR

**JEFFREY L. WARD,**
Relator
V.
**HON. DWIGHT L. PHIFER,**
Respondent

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 11965(c))

ON THIS DAY came to be heard the petition for writ of mandamus filed by **JEFFREY L. WARD**; who is the relator in Cause No. 11965(c), pending on the docket of the 2nd Judicial District Court of Cherokee County, Texas. Said petition for writ of mandamus having been filed herein on June 1, 2015, and the same having been duly considered, because it is the opinion of this Court that this court does not have jurisdiction to issue a writ of mandamus in this proceeding and that it should be dismissed for want of jurisdiction, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed for want of jurisdiction.**

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

Exhibit (A)